IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THOMASINA A. COLBERT NOLL | § § § |
| VS. | § § § |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED LOANS STRUCTURED TRANSACTION TRUST, SERIES 2019-3 AND SELECT PORTFOLIO SERVICING, INC. | § § § § § § § § Case: 4:22-cv-2672 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Federal Home Loan Mortgage Corporation, as Trustee for the Benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2019-3 ("**Trustee**") and Select Portfolio Servicing, Inc. (**"SPS"**) (both are collectively "**Defendants**") through undersigned counsel, hereby remove this case from the 268th Judicial District Court of Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. Defendants deny the allegations of the Complaint and the damages contained therein, and file this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.   INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1.   On or about July 28, 2022, Plaintiff Thomasina A. Colbert Noll ("Plaintiff") commenced this action by filing a Petition, Cause No. 22-DCV-295495 filed in the 268th Judicial District Court of Fort Bend County, Texas (the "State Court Action"). See Exhibit C-1. On July 29, Plaintiff obtained an ex parte temporary restraining order in the State Court Action. See Exhibit C-2. Defendants filed an answer on August 9, 2022. See Exhibit C-3. This action is being removed less than 30 days following service of the Petition filed in the State Court Action

999999.190/4392478.1

and less than 30 days after Defendants appeared in the State Court Action. Accordingly, removal is timely under 28 U.S.C. §1446(b).[1]

## II. PLEADINGS AND NOTICE TO STATE COURT

2. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3. A defendant may remove a civil action if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in more detail below, this action satisfies the statutory requirements for Federal Question Jurisdiction.

## IV. FEDERAL QUESTION JURISDICTION

4. Removal is proper because Plaintiff's suit involves a federal question.[2] A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[3] Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights."[4]

---

[1] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).
[2] 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[3] See *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006).
[4] *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Circ. 1988).

999999.190/4392478.1

5. Plaintiff has alleged violations of Trust in Lending Act and specifically references alleged violations of 15 U.S.C. § 1641(g) and 15 U.S.C. § 1640(a)(2)(a) against Defendants.[5] Since Plaintiff's claims arise under the laws of the United States of America, the United States District Court has original jurisdiction and removal is appropriate.

6. This Court should also exercise supplemental jurisdiction over all claims because they are so related to the federal claims that they form part of the same case or controversy.[6] As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."[7] Accordingly, this Court has jurisdiction based on Federal Question jurisdiction

## V. JURY DEMAND

7. Plaintiff has made a jury demand in the State Court Action.

## VI. CONCLUSION

8. For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

---

[5] See Complaint at ¶¶ 38-40.
[6] See 28 U.S.C. § 1367(a).
[7] *Exxon Mobil Corp. v. Allpattah Servs., Inc.*, 545, 558 (2005).

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    Tel 713-220-9182 / Fax 713-223-9319
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 9th day of August, 2022, a true and correct copy of Defendants' Notice of Removal was forwarded as follows:

Robert "Chip" C. Lane
notifications@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
Telephone: (713) 595-8200
Facsimile: (713) 595-8201
**Via ECF and Email**

    /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.

999999.190/4392478.1